Case 4:15-cv-00115-A Document 43 Filed 07/22/15 Page 1 of 9 PageID 1650

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 22 2015

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES TATE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-115-A |
| | § | |
| CITY OF FORT WORTH, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, City of Fort Worth, Texas, for summary judgment. The court, having considered the motion, the response of plaintiffs, James Tate, Donald Clark, and Brian Ray, the summary judgment evidence, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

Plaintiffs filed their complaint for injunctive relief and damages on February 13, 2015. Plaintiffs are firefighters who allege that an ordinance adopted by defendant, Ordinance 21510-2014, on October 21, 2014, amending its retirement plan violates Article XVI, Section 66 of the Texas Constitution, by impairing vested rights of employee retirement plan participants. Plaintiffs assert claims for impairment of contract in violation of Article I, Section 10 of the United States Constitution (Count

I), substantive due process deprivation under color of law in violation of the 14th Amendment of the United States Constitution and 42 U.S.C. § 1983 (Count II), unlawful taking of property without just compensation in violation of the 5th and 14th Amendments of the United States Constitution and 42 U.S.C. § 1983 (Count III), violation of Article XVI, Section 66 of the Texas Constitution (Count IV), impairment of contract in violation of Article I, Section 16 of the Texas Constitution (Count V), violation of Article I, Section 17 of the Texas Constitution (Count VI), violation of Article I, Section 19 of the Texas Constitution (Count VII), and violation of Article I, Section 29 of the Texas Constitution (Count VIII).

Plaintiffs ask that the court find that the ordinance is void and of no effect as to plaintiffs, enjoin defendant from attempting to enforce its provisions, restore plaintiffs to the status quo ante, and award plaintiffs costs and attorney's fees under 42 U.S.C. § 1988.

II.

Grounds of the Motion

Defendant urges that the ordinance at issue complies with Article XVI, Section 66 of the Texas Constitution and that, consequently, plaintiffs should take nothing on all of their claims.

2

III.

Applicable Summary Judgment Principals

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

3

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[1] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

## IV.

## Analysis[2]

Defendant has a retirement plan for its employees, including firefighters, that is a defined benefit plan known as the

---

[1] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

[2] Plaintiffs' affidavits in support of their summary judgment response are largely conclusory. As is his custom, the undersigned is giving the summary judgment evidence whatever weight it may deserve.

Employees' Retirement Fund of the City of Fort Worth (the "Fund"). The Fund is a unitary retirement fund created and existing by a retirement plan ordinance adopted by defendant's city council, as contemplated by article 6243i of the Texas Revised Civil Statutes. Employees become vested in the Fund after accruing five years' accredited service. Plaintiffs are firefighters who are vested in the Fund.

In 2012, defendant adopted amendments to its ordinance governing the terms of the Fund as to police and other general, non-firefighter employees. Those amendments have been upheld-- that is, found to be constitutional-- by both state court and this court. City of Fort Worth v. Employee's Retirement Fund of the City of Fort Worth, No. 342-262392-12; Van Houten v. City of Fort Worth, No. 4:12-CV-826-Y. The amendments at issue in this case are substantively the same as those adopted in 2012 and which have been upheld.

Two aspects of the benefits calculation of the Fund are at issue. First, plaintiffs attack the amendment to the cost-of-living-adjustment ("COLA"). Second, they attack changes to the defined benefits calculation.

The defined benefits calculation is relatively simple. Prior to the amendment, defined benefits were calculated by multiplying years of service by an average of the employee's three highest

5

paid years' salaries by a multiplier of 3. After the amendment, defendant averaged the employee's highest five years' salaries and utilized a multiplier of 2.5. The calculation of benefits for employees who work both before and after the amendment is a combination of the two calculations. The part accrued before the amendment stays the same. It is only future benefits that are calculated under the new formula.

As for the COLA calculation, in 1999, defendant adopted an ordinance giving all participants in the Fund a cost-of-living-adjustment of 2% on top of their defined benefit payment. In 2007, defendant adopted an alternative to the 2% COLA to give employees a choice known as the "ad hoc COLA." Payment under the ad hoc COLA would be determined annually by the Fund's actuary and would depend on how the Fund performed that year. An employee who selected the ad hoc COLA could receive an additional payment of between 0% and 4% of his annual pension. The purpose of the ad hoc COLA was to allow employees to share in the risks and benefits of the Fund's performance. Employees were told that their election of the ad hoc COLA was irrevocable. That is, they could not go back to the 2% COLA once they chose the ad hoc COLA. Although projections showed that a higher return rate would be paid for some time, the materials given to employees reflected

that there was no guarantee on investment returns. In some years, the ad hoc COLA paid nothing.

Pursuant to the amendment at issue, defendant is no longer offering the ad hoc COLA, which it determined would not be of any benefit to employees. And, new employees (those hired after the amendment took effect) will not receive any COLA payment. Continuing employees who had elected the ad hoc COLA will receive the 2% COLA for future service and have the option of reverting to the 2% COLA for service before the amendment took effect. (In other words, these employees have the choice of receiving 2% rather than 0% for some prior years.)

Article XVI, Section 66(d) of the Texas Constitution provides:

> (d) On or after the effective date of this section, a change in service or disability retirement benefits or death benefits of a retirement system may not reduce or otherwise impair benefits accrued by a person if the person:
>   (1) could have terminated employment or has terminated employment before the effective date of the change; and
>   (2) would have been eligible for those benefits, without accumulating additional service under the retirement system, on any date on or after the effective date of the change had the change not occurred.

This section does not prohibit changes that apply to benefits that have not accrued before the effective date of the change or that do not reduce or impair benefits that have accrued. Tex.

7

Atty. Gen. Op. GA-0615, *3 (2008). In other words, this provision does not prohibit prospective changes to retirement plans such as the Fund. And, the changes at issue here are clearly prospective changes, since the calculation of benefits for those persons continuing employment after adoption of the amendment is bifurcated. There is no change to the calculation of benefits already accrued at the time of the change. That is what the plain language of the ordinance says. See Doody v. Ameriquest Mortgage Co., 49 S.W.3d 342, 344 (Tex. 2001). And it is clearly the intent of defendant in adopting it. Id. [3]

Plaintiffs argue that their benefits are impaired because their projected future benefits have a reduction in present value when the amendment is taken into account. They fail to show, however, that any benefits already accrued are impaired.

Plaintiffs want to look behind the ordinance to determine whether its adoption was reasonable or necessary. However, they have not shown that the ordinance impairs any vested benefits. It is only if the ordinance constitutes a substantial impairment that defendant must justify its adoption. See Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 411

---

[3] The language of the constitutional provision is clear and unambiguous. Thus, to the extent that the Attorney General at one time looked to case law from other jurisdictions to aid in interpretation, the court does not find that reasoning controlling. See Holmes v. Morales, 924 S.W.2d 920, 924 (Tex. 1996).

(1983); <u>Lipscomb v. Columbus Mun. Sep. Sch. Dist.</u>, 269 F.3d 494, 504-05 (5th Cir. 2001).

Since all of plaintiffs' claims rise and fall on the allegation that the ordinance is unconstitutional in effect, and the court has determined that such is not the case, plaintiffs cannot prevail on any of their claims and defendant's motion must be granted.

V.

Order

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED July 22, 2015.

_____
JOHN McBRYDE
United States District Judge